### OWEN v. FREY.

[No. 10,787. Filed April 22, 1921. Rehearing denied October 7, 1921.]

LANDLORD AND TENANT.—*Lease for Term of Years.—Cancellation.—Rental Receipts Showing Monthly Lease.*—A lease for a term of years was not canceled and superseded by a tenancy from month to month by the giving of receipts for monthly rent reciting a monthly tenancy, where the lessee took possession prior to the execution of the term lease, receiving one such receipt before such execution and a number thereafter and there was no evidence of any agreement as to the cancellation of the term lease; the receipts being on a printed form and treated by the parties as mere receipts.

From Marion Superior Court (A5,289); *W. W. Thornton*, Judge.

Action by F. Joseph Frey against George W. Owen. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Thomas D.'McGee,* for appellant.

*Charles J. Orbison, Frank C. Olive, Harry W. Taylor* and *George B. Fall,* for appellee.

ENLOE, J.—The appellee began this action to recover rental alleged to be due under a certain lease, a copy of which was attached to the complaint as an exhibit.

The appellant answered in four paragraphs: (1) General denial; (2) *non est factum*; (3) vacation and surrender of the said premises; (4) annulment of the lease sued on by mutual agreement. Reply in general denial to the second, third and fourth paragraphs of answer closed the issues, which were submitted to the court for trial, resulting in a finding for the plaintiff in the sum of $390, for which sum judgment was rendered. The appellant duly filed his motion for a new trial, which being overruled, he prosecutes this appeal. The error assigned is the overruling of his motion.

The appellant has presented only the questions of the decision of the court being sustained by sufficient evidence, and as being contrary to law.

It appears from the lease sued upon, concerning the execution of which no question is made in this appeal, that about May 1, 1915, the appellee leased to the appellant, for the term of five years from May 1, 1915, the storeroom known as No. 1406 East Washington street, in the city of Indianapolis, at a rental of $40 per month for the first year, $45 per month for the second year, and $50 per month for the remaining three years. The said lease was duly signed and acknowledged by the appellant herein on May 3, 1915, and duly recorded May 4, 1915. It contained the usual covenants for the payment of rent as stipulated for the term

named, without relief from valuation and appraisement laws; for the payment of a reasonable attorney's fee to appellee's attorney, in any suit brought to enforce any of the provisions of said lease. It also contained the other usual covenants concerning waste, repairs, subletting, etc., not necessary to be set out in this opinion.

It appears from this record that all agreements had been reached by the parties prior to the time the lease was formally drawn and executed, and that the appellant actually took possession of said premises and began paying rent from about April 10, 1915, as shown by exhibits Nos. 4 and 5, which were as follows,—

Exhibit No. 4.

"April 10- 15.

"Received of

G. W. Owens

$10.00 to apply on part month rent

F. J. Frey"

Exhibit No. 5.

"Indianapolis, Ind. Apr. 15 to May 1, 1915.

This certifies that I have received of Geo. W. Owen the sum of Twenty . . . . . . . . . . . . . . . . . . . . . . .Dollars in consideration of rent having this day leased of me the store known as No. 1406 E. Wash. Street, in the City of Indianapolis, Marion County, Indiana, for the term of One Month from date said tenancy to expire with the 1 day of May 1915.

"F. J. Frey

Per             .             Agent.

By accepting this contract Tenants agree not to destroy, commit waste or allow any part of said property to be destroyed or wasted. Tenants are not allowed to sub-let these premises, nor assign this lease without our written consent and the rent must be paid promptly in advance."

The appellant contends that the evidence conclusively establishes the fact averred in his fourth paragraph of answer, viz.—"That on or about the first day of June,

1915, said lease was wholly annulled, abrogated, and canceled by agreement of the parties, and a new lease, dated June 1st, 1915, was substituted," etc.

To substantiate this averment of his answer, the appellant offered in evidence exhibits Nos. 3 to 41, both inclusive.   No. 3 of said exhibits was as follows:

> "Indianapolis, Ind. May 1, 1915.
> "This certifies that I have received of Geo. W. Owen the sum of Forty.................Dollars in consideration of rent having this day leased of me the store known as No. 1406 E. Wash. Street, in the City of Indianapolis, Marion County, Indiana, for the term of one month from date said tenancy to expire with the 1 day of June 1915.
>                   F. J. Frey
>                   Per                 Agent
> By accepting this contract Tenants agree not to destroy, commit waste or allow any part of said property to be destroyed or wasted.   Tenants are not allowed to sub-let these premises, nor assign this lease without our written consent and the rent must be paid promptly in advance."

Exhibits Nos. 6 to 16 inclusive, and with No. 3 *supra* covering the first rental year, were each for $40 and were identical with Exhibit No. 3, except as to date.

The receipts given for payments of rent for the second year were for $45 monthly, and except as to dates, were identical with No. 3 *supra*, as were also the receipts for the third year, except that they were each for the sum of $50.

Appellant insists that each of said receipts is not merely a receipt.   He insists that it is an independent contract, and he cites authorities which he contends sustains his position.   It will be noted that the paper contains no *express covenant* on the part of the appellee. If the same should be construed as a contract, the *express covenants* thereof are unilateral, and to be observed by the appellant only.   It seems to us strange

that the appellant should, as he now contends he did, obtain a lease on said storeroom from month to month, and on April 15, 1915, make a payment of $20 for rent to May 1, 1915, and at the time of making such payment obtain a paper (Exhibit 5) identical in form with said exhibit No. 3, and then, after receiving two such contracts, one May 1, 1915, execute a formal lease securing to himself the occupancy of said premises for a term of five years, and then on June 1, 1915, surrender all his rights under said formal lease, and again accept a tenancy from month to month.

His own testimony however convinces us that such was not his understanding of the situation. Nowhere in his testimony does he say anything about any agreement or conversation between himself and appellee in reference to "annulling, abrogating, or canceling" said lease. Nowhere is there any evidence that said lease was by *mutual agreement* set aside and annulled. On the contrary, the appellant testified that he went to the appellee about a year and a half after the formal lease was executed and spoke to him about the fact that his (appellant's) copy of the said lease had not been signed, and appellee informed him that the lease was signed, but did not tell appellant that the said lease had been recorded, and the appellant did not have personal knowledge of such recording, until after this suit was brought.

The action of appellant, as testified to by himself, was hardly in harmony with his present contention as to the rights of the parties. It was in harmony with the contention of the appellee. The paper given as a receipt in this case, as the same appears in the record, is a printed form for general use, and neither of the parties considered the latter clause therein of any material consequence. They disregarded the latter clause and treated it merely as a receipt for money paid. They,

by their conduct, have fixed, as between themselves, its legal effect.

The decision of the court is abundantly supported by the evidence, and the judgment is therefore affirmed.